IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | 2:00-CR-0059 (01) |
| § | |
| HANK JAY TURPIN § | |

**REPORT AND RECOMMENDATION
TO DENY DEFENDANT'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

Defendant HANK JAY TURPIN has filed with this Court a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant is entitled to no relief and recommends the motion to vacate, set aside or correct sentence be DENIED.

I.
FACTS AND PROCEDURAL HISTORY

On September 20, 2000, defendant TURPIN was charged, in a one count indictment, with receiving and distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2). On November 27, 2000, defendant TURPIN pled guilty. On March 20, 2001, TURPIN was sentenced to a term of 27 months confinement, a fine of $12,000.00, and a 3-year period of supervised release. Defendant TURPIN did not directly appeal his sentence.[1]

On April 9, 2003, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On July 20, 2004, the government filed a response in opposition to defendant's motion to vacate. On August 23, 2004, defendant TURPIN filed a reply to the government's response.

---

[1] Defendant TURPIN, at page 6 of his Motion to Vacate, seems to allege there was a direct appeal of his case. However, defendant has produced no documents to support such claim, and the government has stated that defendant did not file a direct appeal. Government's Response at 3.

II.
DEFENDANT'S ALLEGATIONS

Defendant TURPIN raises the following sole ground in support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States:

> He was denied his First and Fifth Amendment rights by pleading guilty without an understanding as to the true nature of the elements of the offense.

III.
TURPIN'S ALLEGATION IS PROCEDURALLY BARRED

As a preliminary matter, defendant TURPIN refers in his brief at page 18, to Count 2, possession of child pornography, and Count 3, forfeiture, of the indictment and states his conviction and sentence under Counts 2 and 3 was violative of his First and Fifth Amendment rights. As argued by the government, and as evidenced by the documents supplied by defendant, *i.e.* a copy of the indictment (defendant's brief, Appendix E1), defendant was charged in a one-count indictment with a violation of 18 U.S.C. § 2252A(a)(2), receiving and distributing child pornography. To the extent defendant claims any constitutional violations related to Counts 2 and 3, such claims are without merit.

Assuming defendant's allegation to be that he was denied his First and Fifth Amendment rights by pleading guilty without an understanding as to the true nature of the elements of the offense as to the one-count indictment, such claim was not raised on direct appeal, and TURPIN presents it for the first time in this section 2255 motion. The government maintains defendant has raised this issue for the first time without establishing cause and prejudice to excuse his failure to raise such issue on direct appeal. The government contends defendant's claim is not a ground

upon which relief can be granted in a § 2255 proceeding.

Following a conviction and exhaustion of, or waiver of, the right to direct appeal, a defendant is presumed fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As a result, review of convictions pursuant to section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude. Such issues may not be raised for the first time on collateral review without a showing of cause for failing to raise the issue on direct appeal and actual prejudice resulting from the alleged error. *Id.* Other types of error (non-constitutional or non-jurisdictional error) may not be raised under section 2255 unless the defendant demonstrates the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998). *See also United States v. Samuels,* 59 F.3d 526, 528 (5th Cir.1995) (collateral attack primarily limited to issues of constitutional or jurisdictional magnitude and, even then, movant must show both cause for not raising issue on direct appeal and prejudice because of such failure; other errors may not be raised at all unless movant shows both; that the error could not have been raised on direct appeal, and that the error, if condoned, would result in complete miscarriage of justice); *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992); *United States v. Drobny,* 955 F.2d 990, 994-95 (5th Cir.1992).

Defendant asserts that pursuant to the holding in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), his guilty plea was not knowingly and voluntarily made.[2] Defendant cites *Free*

---

[2] In such case, the Supreme Court held 18 U.S.C. §§ 2256(8)(B) and (D) unconstitutional for being overbroad for both sections, at the time of defendant's conviction, provided two definitions of "child pornography" both referring to images which "appear to be" or "convey the impression that" the material depicts a minor engaged in sexually explicit conduct. Subsections (8)(A) and (C) also provided definitions of "child pornography" and were not struck down by the Supreme Court. Defendant TURPIN's conduct, according to the government, fell within both provisions (8)(A) and (C). Government's Response at 2.

*Speech Coalition* as cause for his failure to raise such claim on direct appeal. Specifically, defendant argues that holding did not issue until April 16, 2000, well after the time for raising the issue in district court or on direct appeal had expired. Defendant's Motion at 8. A novel claim that's legal basis was not reasonably available at the time of conviction or during the time for direct appeal, may constitute cause. However, the *Free Speech Coalition* decision originally issued August 12, 1997, *Free Speech Coalition v. Reno*, 1997 WL 487758 (N.D. Cal. 1997), and the appellate court decision issued almost a year prior to defendant's indictment. *Free Speech Coalition*, 198 F.3d 1083 (9th Cir. 1999). The United States Supreme Court granted *certiorari* less than two months after defendant entered his guilty plea. Further, as stated by the government,

> The constitutionality of subsections 2256 (B) and (D) were raised in other courts prior to Turpin's prosecution. See e.g., *United States v. Hilton*, 999 F.Supp. 131 (D. Maine 1998); *United States v. Hilton*, 167 F.3d 61 (1st Cir. 1999); and *United States v. Fox*, 74 F.Supp.2d 696 (E.D. Tex. 1999). *Fox* was pending appellate review at the time of Turpin's prosecution.

Government's Response at 4. Thus while it may be true that the Supreme Court had not issued its ruling in *Free Speech Coalition* at the time of defendant's conviction, the underlying theory of that case was and had been available to defendant at the time he could have filed a direct appeal. "Where the basis of a ... claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objections as cause for a procedural default." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

In addition to the procedural bar, defendant TURPIN, in this §2255 motion, bears the burden of showing his conviction was unconstitutional, since, as referenced above, he has been finally convicted. TUTRPIN has not met that burden. He has not alleged nor shown that the

materials he possessed were covered by the sections of 18 U.S.C. 2256 addressed in *Ashcroft v. Free Speech Coalition*.  Instead, he has only advanced his self-serving allegation in order to call into doubt the legality of his guilty plea.  As discussed *supra* in footnote 2, the Supreme Court, in the *Free Speech Coalition* case, held 18 U.S.C. §§ 2256(8)(B) and (D) were unconstitutionally overbroad in their definitions of "child pornography."  However, the Court declined to strike down the definitions of  "child pornography" found in Subsections (8)(A) and (C).  As articulated by the government, subsection 2256(8)(A) defined "child pornography" as, "any visual depiction...of sexually explicit conduct, where...the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."  The Presentence Report found that the pictures at issue in this case, "revealed children engaged in sexually explicit conduct."  Defendant's brief, Appendix A3.  In the factual resume, defendant admitted that he had, "downloaded hundreds of images, the majority of which were children engaged in sexually explicit conduct."  Defendant's brief, Appendix D11.  Defendant, therefore, has failed to show prejudice.  He has failed to show his guilty plea or conviction was based upon one of the definitions held unconstitutional or alternatively, that he could not have been prosecuted under one of the definitions left untouched by the Supreme Court.

Actual Innocence

Defendant has not shown he is entitled to relief, because he has failed to show cause and prejudice for failing to raise the claim presented herein on direct appeal.  Defendant's only other remaining route to relief would be to demonstrate actual innocence.  *See Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the

procedural default."). Such "actual innocence" must be established by "clear and convincing evidence." *See Sawyer v. Whitley*, 505 U.S. 333, 336, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). Further, defendant must demonstrate that it is more likely than not, that no reasonable juror would have convicted him. *Bousley*, 523 U.S. at 623. For the reasons discussed above, defendant has not met his burden in this regard and his claim must fail.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside and correct sentence, filed by defendant HANK JAY TURPIN be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).